The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer, and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following:
 STIPULATIONS
1. On the date of Plaintiff's alleged injury, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. On the date of Plaintiff's alleged injury, an employment relationship existed between the Plaintiff-employee and Defendant-employer.
3. On that date, the Defendant-employer qualified as a self-insured entity within the guidelines of the Workers' Compensation Act.
4. Plaintiff's compensation rate is $229.08.
5. Plaintiff's claim was accepted pursuant to a Form 60, which was completed on 18 September 1995. Plaintiff received temporary total disability benefits in the amount of $1,014.50 covering the period of 11 August 1995 through 10 September 1995. She also received temporary partial benefits in the amount of $76.38 covering the period of 11 September 1995 through 1 October 1995. (The Full Commission takes judicial notice of the Form 60 contained in the Commission file. The Form 60 was filed on 20 September 1995 and shows that the employer admits Plaintiff's right to compensation due to an incident which occurred on 10 August 1995 when construction dust caused Plaintiff's respiratory distress and activated asthma.)
6. Plaintiff has been out of work since 21 October 1995 and is not presently employed.
7. The parties submitted copies of discovery responses, which were received as Stipulated Exhibits 1 and 2. A photocopy of a cancelled check dated 16 October 1995, in the amount of $76.38, which was cashed by Plaintiff shortly thereafter, was stipulated as Exhibit 3.
***********
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 10 August 1995, Plaintiff sustained a work-related injury for which she remained out of work through 10 September 1995. She returned to work at reduced hours of about three hours per day on 11 September 1995. Plaintiff returned to work full time on 2 October 1995. Plaintiff received temporary total and temporary partial disability compensation benefits under the Form 60 and Form 26.
2. On 12 October 1995, Allied Claims Administration filed a Form 28B with the Industrial Commission documenting that Plaintiff had returned to full time employment at pre-injury wages effective 2 October 1995. The Form 28B indicates that final compensation had been paid and the case was closed.
3. On or about 16 October 1995, Allied Claims adjuster Toni Wicker forwarded the Form 28B along with a check for final compensation in the amount of $76.38 to Plaintiff at her residential address at that time. It is a standard practice for Ms. Wicker to send the Form 28B with the final compensation check and the check itself indicates on the front that a Form 28B is enclosed. The Form 28B states that this report closes the record. Although she did not recall receiving the Form 28B, at the hearing, the Plaintiff acknowledged receipt of and cashing the check, and the Full Commission finds that the evidence indicates that the Form 28B was sent as well and received by Plaintiff.
4. Plaintiff acknowledged at the hearing that she had received some checks in the mail prior to applying for disability benefits. However, Plaintiff did not notice who provided those checks and seemed to be somewhat confused as to whether they were disability or compensation payments.
5. On 25 October 1995, Plaintiff completed a claim form for disability benefits from UNUM. That same day she completed a leave of absence request form. On her disability claim form, Plaintiff indicated that she was experiencing arthritis type symptoms in her arms from her shoulders to her elbows and in both feet, and she gave 22 October 1995 as the date of first symptoms. She indicated her symptoms were not work related.
6. It appears that Plaintiff was somewhat confused about nature of the payments she received as compensation benefits prior to the time she completed the UNUM application. She testified that she thought these were "disability" benefits. This confusion is unfortunate. However, there is no evidence that any confusion on Plaintiff's part was due to any representations or misrepresentations made by her employer or the carrier.
7. Pat Cruse handled filings for workers' compensation as well as disability plan benefits for the Rex Hospital employees. She met with Plaintiff after she sustained her injury and completed the forms to start Plaintiff's compensation payments. There is no evidence that Ms. Cruse misled Plaintiff regarding these benefits or in any way deterred her from pursuing further benefits if they were appropriate.
8. Plaintiff's last payment of compensation was received in October 1995. Plaintiff did not file her Form 33 Request for Hearing until 8 June 1998, over two years later.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. All claims for a change of condition must be made within two years from the date of the last payment of compensation pursuant to N.C. Gen. Stat. § 97-47. Plaintiff's claim was not timely as the form was not filed until over two and one-half years after the last payment of compensation and the filing of the Form 28B.
2. Where the Plaintiff received the Form 28B, she had notice that final payment had been made and compensation had been terminated. This started the running of the statute of limitations for any change of condition claim. N.C. Gen. Stat. §97-47.
3. The evidence fails to show any acts, representations, or conduct on behalf of Defendant employer or the servicing agent which would amount to a breach of good faith and serve as a basis for an argument that Defendant should be estopped from raising the two year time limit as a defense. There is no evidence that any conduct by Defendant caused Plaintiff to delay filing her claim for more than two years. Watkins v. Central Motor Lines,Inc., 279 N.C. 132 (1971).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant's motion to dismiss Plaintiff's claim is well founded and is hereby Granted. Plaintiff's claim for benefits based upon a change of condition is Dismissed.
2. Defendant shall pay the costs.
This 18th day of October 1999.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ LAURA K. MAVRETIC COMMISSIONER
S/_____________ RENEE C. RIGGSBEE COMMISSIONER